# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

SUSAN HOGARTH,

*Plaintiff-Appellant,*

v.

SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections; FRANCIS X. DE LUCA, in his official capacity as Chair of the North Carolina State Board of Elections; STACY EGGERS IV, in his official capacity as Secretary of the North Carolina State Board of Elections; JEFF CARMON, SIOBHAN O'DUFFY MILLEN, and ANGELA HAWKINS in their official capacities as Members of the North Carolina State Board of Elections; DANIELLE BRINTON, in her official capacity as Investigator for the North Carolina State Board of Elections; OLIVIA MCCALL, in her official capacity as Director of the Wake County Board of Elections; KEITH WEATHERLY, in his official capacity as Chair of the Wake County Board of Elections; GERRY COHEN, in his official capacity as Secretary of the Wake County Board of Elections; GREG FLYNN, STEVEN LONG, and DONNA WILLIAMS, in their official capacities as Members of the Wake County Board of Elections; and LORRIN FREEMAN, in her official capacity as Wake County District Attorney;

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Eastern District of North Carolina, No. 5:24-cv-00481
Hon. Louise W. Flanagan

## Motion to Expedite Appeal

SUBMITTED BY:
/s/ James M. Dedman IV
James M. Dedman IV
(NC Bar # 37415)
Gallivan White & Boyd P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
(704)-552-1712
jdedman@gwblawfirm.com

Jeffrey D. Zeman
(Pa. Bar No. 328570)
Foundation for Individual
Rights and Expression
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@fire.org

Daniel A. Zahn
(DC Bar No. 90027403)
Foundation for Individual
Rights and Expression
700 Pennsylvania Ave. SE,
Ste. 340
Washington, DC 20003
(215) 717-3473
daniel.zahn@fire.org

This appeal concerns a First Amendment challenge to five North Carolina statutory provisions that, on their face, make it a crime for voters to take and share "ballot selfies"—photographs of their own voted ballots or of themselves in the voting enclosure—whether at the polling place or anywhere else in North Carolina (the Ballot Selfie Ban). Plaintiff-Appellant Susan Hogarth has cast past ballots both in person and absentee and wants to take and share future ballot selfies without fear of prosecution, including when she votes in the general election this November. To give the Court an opportunity to issue its decision in this appeal before the general election on November 3, 2026, Hogarth respectfully requests that the Court expedite this appeal and suggests the following briefing schedule:

| | |
|---|---|
| Opening Brief & Appendix: | Friday, May 1, 2026 |
| Response Brief: | Monday, June 1, 2026 |
| Reply Brief: | Monday, June 22, 2026 |

Hogarth also asks that the Court schedule oral argument for as soon as practicable after the completion of briefing.

1

Good cause exists to expedite this appeal. Loc. R. 12(c). First, this appeal concerns a fundamental constitutional right that is tied directly to the upcoming election. Second, because this appeal raises only legal questions, the parties can present the appeal on the existing record, and extensive factual review is unnecessary. And third, the interests of justice favor expediting this appeal because North Carolina voters deserve clarity about whether the First Amendment permits the government to limit their ability to express who and what they voted for in the November 2026 general election. Counsel for all parties received notice of this motion. Loc. R. 27(a). Defendants' counsel indicated that Defendants take no position on this request to expedite.

## BACKGROUND

Five provisions of North Carolina law ban different aspects of taking and sharing ballot selfies. The four Ballot Photography Provisions criminalize taking or sharing photographs of a voted ballot with no exception for voters photographing their own ballot. *See* N.C. Gen. Stat. §§ 163-166.3(c), 163-273(a)(1), 163-165.1(e), 163-274(b)(1). The Voting Enclosure Provision requires voters to obtain permission from a county elections official before photographing any voter, including oneself, in the

voting enclosure—the room at the polling place where voting occurs. *See id.* § 163-166.3(b).

Susan Hogarth resides and votes in Wake County, North Carolina. (Verified Compl. ¶ 9, Dkt. No. 2.) In March 2024, she went to her polling place to vote and took a ballot selfie. (*Id.* ¶¶ 53, 57–59.) Hogarth then exited the polling place and posted her ballot selfie to X (formerly known as Twitter). (*Id.* ¶¶ 1, 60–66.) She later received a letter from the North Carolina State Board of Elections threatening a "Class 1 Misdemeanor" and demanding she "take the post down." (*Id.* ¶¶ 72, 81, 83, Ex. A.)

In August 2024, Hogarth filed a Verified Complaint seeking declaratory and injunctive relief against the Ballot Selfie Ban. (*Id.* ¶¶ 11–23, 124–134.) Five days later, Hogarth filed a preliminary injunction motion. (Pl.'s Mot. for Prelim. Inj., Dkt. No. 9.) During that motion's hearing, Wake County District Attorney Freeman agreed to a limited preliminary injunction against prosecuting Hogarth under the Ballot Selfie Ban pending the case's outcome, which the court entered on October 21, 2024, and clarified four days later. (Order, Dkt. No. 60.)

The day after the district court clarified its limited injunction order, Hogarth voted at an early voting polling place and photographed herself

3

with her voted ballot in the voting booth. (Verified Suppl. Compl. ¶¶ 5, 8–12, Dkt. No. 65.) While she took her ballot selfie, a county elections official yelled to Hogarth from across the room, "you cannot take a picture of your ballot, you need to delete that, please." (*Id.* ¶¶ 13–14.) Only after the chief judge of the polling place received permission from "the Board of Elections" did the elections official allow Hogarth to submit her ballot and leave without deleting her ballot selfie. (*Id.* ¶¶ 16–21.)

In March 2025, the district court denied Defendants' motions to dismiss for lack of standing, except as to the North Carolina Attorney General, who is no longer a party. (Order, Dkt. No. 74.) Agreeing the court could resolve this case on the pleadings, the parties filed Rule 12(c) cross-motions in July 2025, concluding briefing the next month. (Dkt. Nos. 88–95.) Seven months later, on March 9, 2026, the district court granted Defendants' motion, denied Hogarth's, and entered judgment for Defendants. (Dkt. Nos. 99, 100.) Hogarth filed a notice of appeal on March 20, 2026, which the district court transmitted to this Court.

Hogarth intends to vote in the upcoming, statewide general election on November 3, 2026, and to take and share a ballot selfie when she does. (Verified Compl. ¶¶ 107–13, Dkt. No. 2.)

**ARGUMENT**

Hogarth seeks expedited consideration to give this Court an opportunity to issue its decision before November 3, 2026, the last day of the general election during which Hogarth and other North Carolina voters could take ballot selfies. Expedited consideration is appropriate for three reasons: This appeal concerns maintaining a federal constitutional right that is tied directly to the upcoming election, *see* 28 U.S.C. § 1657(a); this appeal presents only legal questions based on the existing record, making extensive factual review unnecessary; and the interests of justice favor expediting this appeal.

First, good cause exists because Hogarth seeks to exercise her First Amendment right to engage in election-related speech without fear of criminal prosecution. *See id.* (requiring expedited consideration when "a right under the Constitution of the United States … would be maintained"); *see, e.g.*, *Grimmett v. Freeman*, No. 22-1844, 2022 WL 3696689, at *1, *2 (4th Cir. Aug. 25, 2022) (expediting First Amendment appeal challenging statute that criminalized "derogatory" speech about candidates for public office); *ACLU of S.C. v. Stirling*, 123 F.4th 170, 172, 173 n.2 (4th Cir. 2013) (expediting First Amendment appeal seeking to

interview inmate before his execution). Expedition is critical here because Hogarth seeks to exercise her right during the upcoming election. *See, e.g.*, *Pierce v. N.C. State Bd. of Elections*, 97 F.4th 194, 202 (4th Cir. 2024) (expediting appeal tied to upcoming election); *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 235 (4th Cir. 2014) (same); *Wood v. Quinn*, 230 F.3d 1356 (4th Cir. 2000) (unpublished table decision) (same).

Second, this appeal asks only legal questions, and the parties agree the legal questions presented need no factual development. (*See* Joint Rule 26(f) Report and Disc. Plan, Dkt. No. 85.) The appeal thus can be briefed on the existing record, and the Court need not engage in extensive factual review. In fact, there is no extensive factual record to review because the parties agreed to proceed on cross-motions for judgment on the pleadings. The expedited briefing and argument schedule will not prejudice the parties because they already thoroughly briefed, below, the merits of most legal questions presented in this appeal and Hogarth's requested briefing schedule permits the Defendant-Appellees the full 30 days to respond to Hogarth's opening brief. Fed. R. App. P. 31(a)(1).

Third, the interests of justice favor expediting this appeal. Hogarth and other North Carolinians deserve clarity about whether the First Amendment permits North Carolina to limit their ability to take ballot selfies at the upcoming general election. If Hogarth succeeds on appeal, Hogarth and other North Carolinians deserve notice that they can take ballot selfies during the upcoming general election without fear of prosecution. And the Defendant-Appellees deserve to administer the election without this appeal hanging over their heads.

## CONCLUSION

The Court should expedite this appeal, adopt Hogarth's proposed briefing schedule, and schedule the matter for oral argument for as soon as practicable after the completion of briefing.

SUBMITTED BY:
/s/ James M. Dedman IV
James M. Dedman IV
(NC Bar # 37415)
Gallivan White & Boyd P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
(704)-552-1712
jdedman@gwblawfirm.com

Jeffrey D. Zeman
(Pa. Bar No. 328570)
Foundation for Individual
Rights and Expression
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
jeff.zeman@fire.org

Daniel A. Zahn
(DC Bar No. 90027403)
Foundation for Individual
Rights and Expression
700 Pennsylvania Ave. SE,
Ste. 340
Washington, DC 20003
(215) 717-3473
daniel.zahn@fire.org

# CERTIFICATE OF SERVICE

I, James M. Dedman IV, hereby certify that on March 27, 2026, the foregoing Motion to Expedite Appeal was served by email (with written consent) to all Defendants' counsel at the email addresses shown:

| | |
|---|---|
| Mary Lucasse | mlucasse@ncdoj.gov |
| Mary Scruggs | mscruggs@ncdoj.gov |
| Elizabeth O'Brien | eobrien@ncdoj.gov |
| Allison Cooper | allison.cooper@wake.gov |
| Roger Askew | roger.askew@wake.gov |
| Kelly McLeod | kelly.mcleod@wake.gov |
| Kimberly Coats | kimberly.coats@wake.gov |

/s/ James M. Dedman IV
JAMES M. DEDMAN IV
GALLIVAN WHITE & BOYD P.A.