# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | 26-1328 Hogarth v. Hayes et al. |
| **Originating No. & Caption** | 5:24-cv-00481-FL Hogarth v. Hayes et al. |
| **Originating Court/Agency** | U.S. District Court for the Eastern District of North Carolina |

| **Jurisdiction** (answer any that apply) | | |
|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. § 1291 | |
| Time allowed for filing in Court of Appeals | 30 days | |
| Date of entry of order or judgment appealed | March 9, 2026 | |
| Date notice of appeal or petition for review filed | March 20, 2026 | |
| If cross appeal, date first appeal filed | NA | |
| Date of filing any post-judgment motion | NA | |
| Date order entered disposing of any post-judgment motion | NA | |
| Date of filing any motion to extend appeal period | NA | |
| Time for filing appeal extended to | NA | |
| Is appeal from final judgment or order? | ⦿ Yes | ◯ No |
| If appeal is not from final judgment, why is order appealable? | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | |
|---|---|---|
| Is settlement being discussed? | ◯ Yes | ⦿ No |

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ⊙ No |
| Has transcript been filed in district court? | ⊙ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ⊙ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | NA | |
| Case number of any pending appeal in same case | NA | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | NA | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ⊙ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ⊙ Yes | ○ No |
| Does case involve question of first impression? | ⊙ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ⊙ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| This appeal concerns a First Amendment challenge to five North Carolina statutory provisions that, on their face, make it a crime for voters to take and share "ballot selfies"—photographs of their own voted ballots or of themselves in the voting enclosure—whether at the polling place or anywhere else in North Carolina (the Ballot Selfie Ban). Plaintiff-Appellant Susan Hogarth has cast past ballots both in person and absentee and wants to take and share future ballot selfies in North Carolina elections without fear of prosecution, including when she votes in the general election this November. <br> In 2024, Hogarth filed a Verified Complaint seeking declaratory and injunctive relief against the Ballot Selfie Ban. The district court provided Hogarth preliminary relief and later denied Defendants' motions to dismiss for lack of standing, except as to the North Carolina Attorney General. Agreeing the court could resolve this case on the pleadings, the remaining parties filed Rule 12(c) cross-motions. The district court granted Defendants' motion and denied Hogarth's, concluding the Ballot Selfie Ban was not unconstitutional as applied to Hogarth and that she failed to raise a facial challenge. On March 9, 2026, the district court entered judgment for Defendants. Hogarth filed a notice of appeal on March 20, 2026, which the district court transmitted to this Court. Hogarth intends to vote in the upcoming, statewide general election on November 3, 2026, and to take and share a ballot selfie when she does. |

| **Issues** (Non-binding statement of issues on appeal.  Attach additional page if necessary) |
| --- |
| 1. Whether North Carolina statutes that criminalize taking or sharing photographs of completed ballots or of yourself in the voting enclosure violate the First Amendment as applied to Hogarth.<br><br>2. Whether North Carolina statutes that criminalize taking or sharing photographs of completed ballots or of yourself in the voting enclosure violate the First Amendment on their face to the extent they apply to ballot selfies. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel.  Attach additional page if necessary.) | |
| --- | --- |
| Adverse Party: See attachment A<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Adverse Parties (continued)** | |
| Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: See attachment B<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ James M. Dedman, IV          **Date:** April 6, 2026

**Counsel for:** Plaintiff-Appellant Hogarth

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

| | |
|---|---|
| | |

Signature:                                      Date:

## Attachment A

## List of Adverse Parties and Counsel

1) Defendant-Appellee SAM HAYES, in his official capacity as Executive Director of the North Carolina State Board of Elections

2) Defendant-Appellee JEFF CARMON, in his official capacity as a Member of the North Carolina State Board of Elections

3) Defendant-Appellee STACY EGGERS, IV, in his official capacity as Secretary of the North Carolina State Board of Elections

4) Defendant-Appellee SIOBHAN O'DUFFY MILLEN, in her official capacity as a Member of the North Carolina State Board of Elections

5) Defendant-Appellee DANIELLE BRINTON, in her official capacity as Investigator for the North Carolina State Board of Elections

6) Defendant-Appellee ANGELA HAWKINS, in her official capacity as a Member of the North Carolina State Board of Elections

7) Defendant-Appellee FRANCIS X. DE LUCA, in his official capacity as Chair of the North Carolina State Board of Elections

*Counsel for Defendants-Appellees Sam Hayes, Jeff Carmon, Stacy Eggers, Siobhan Millen, Danielle Brinton, Angela Hawkins, and Francis De Luca*

Mary W. Scruggs
N.C. Department of Justice
Post Office Box 629
Raleigh, N.C. 27602
919-716-6806
mscruggs@ncdoj.gov

Thad Eagles
N.C. Department of Justice
Post Office Box 629
Raleigh, N.C. 27602
919-716-6065
teagles@ncdoj.gov

Mary L. Lucasse
N.C. Department of Justice
Post Office Box 629
Raleigh, N.C. 27602
919-716-6962
mlucasse@ncdoj.gov

8)   Defendant-Appellee OLIVIA MCCALL, in her official capacity as Director of the Wake County Board of Elections

9)   Defendant-Appellee KEITH WEATHERLY, in his official capacity as Chair of the Wake County Board of Elections

10)  Defendant-Appellee GREG FLYNN, in his official capacity as a Member of the Wake County Board of Elections

11)  Defendant-Appellee GERRY COHEN, in his official capacity as Secretary of the Wake County Board of Elections

12)  Defendant-Appellee STEVEN LONG, in his official capacity as a Member of the Wake County Board of Elections

13)  Defendant-Appellee DONNA WILLIAMS, in her official capacity as a Member of the Wake County Board of Elections

*Counsel for Defendants-Appellees Olivia McCall, Keith Weatherly, Greg Flynn, Gerry Cohen, Steven Long, and Donna Williams*

Allison P. Cooper
Wake County Attorney's
   Office
Post Office Box 550
Raleigh, NC 27602
919-856-5500
allison.cooper@wake.gov

Roger A. Askew
Wake County Attorney's
   Office
Post Office Box 550
Raleigh, NC 27602
919-856-5500
roger.askew@wake.gov

14)  Defendant-Appellee LORRIN FREEMAN, in her official capacity as Wake County District Attorney

*Counsel for Defendant-Appellee Lorrin Freeman*

Elizabeth Curran O'Brien
N.C. Department of Justice
Post Office Box 629
Raleigh, N.C. 27602
919-716-0091
eobrien@ncdoj.gov

## <u>Attachment B</u>

1) Plaintiff-Appellant Susan Jane Hogarth

*Counsel for Plaintiff-Appellant Susan Jane Hogarth*

James M. Dedman IV
Gallivan White & Boyd P.A.
6805 Carnegie Blvd, Ste. 200
Charlotte, NC, 28211
704-552-1712
jdedman@gwblawfirm.com


Daniel A. Zahn
Foundation for Individual
   Rights and Expression
700 Pennsylvania Ave. SE,
   Ste. 340
Washington, DC 20003
215-717-3473
daniel.zahn@fire.org

Jeffrey D. Zeman
Foundation for Individual
   Rights and Expression
510 Walnut St., Ste. 900
Philadelphia, PA 19106
215-717-3473
jeff.zeman@fire.org